# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1800V**
**Filed: June 25, 2018**

MIGUEL GOMEZ,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Dismissing His Petition; Influenza ("Flu")
Vaccine; Shoulder Injury; Insufficient
Proof of Causation; Vaccine Act
Entitlement; Denial Without Hearing
Special Processing Unit ("SPU")

*Shealene Wasserman, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Kathryn Robinette, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION [1]

**Dorsey**, Chief Special Master:

On November 16, 2017, Miguel Gomez ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), and an Amended Petition on March 2, 2018.[3]  Petitioner alleges that he suffered an injury to his left shoulder as a result of an influenza vaccination he received in October 3, 2014.  Amended Petition at 1.  The information in the record does not show entitlement to an award under the Program.

On June 13, 2018, petitioner moved for a decision dismissing his petition, acknowledging that insufficient evidence exists to demonstrate entitlement to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

compensation.  ECF No. 18.  Petitioner indicated in his motion that "[a]n investigation of the facts and science supporting his case ha[s] demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  *Id.*  Petitioner further indicated that he "understands that a decision by the [undersigned] dismissing his petition will result in a judgment against him.  [He] has been advised that such a judgment will end all of his rights in the Vaccine Program."  *Id.*

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.  In addition, under the Vaccine Act, "no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury".  § 16(a)(2).  Petitioner alleges that he received a flu vaccination on October 3, 2014, immediately experienced pain in his left shoulder, but did not file a petition for compensation until November 16, 2017, more than 36 months after the date of his first symptoms.  Amended Petition at 1.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone.  Rather, the petition must be supported by either the medical records or by a medical opinion.  § 13(a)(1).  In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine.  In addition, the petition for compensation was filed more than 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury.  For these reasons, and in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.